

IN THE
TENTH COURT OF APPEALS

No. 10-15-00405-CR

MARK IZAGUIRRE JUAREZ,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. F49453

MEMORANDUM  OPINION

Appellant, Mark Izaguirre Juarez, appeals from the trial court's judgment that was signed on September 8, 2015.  Pursuant to Texas Rule of Appellate Procedure 26.2(a), Juarez's notice of appeal was due on October 8, 2015.  *See* TEX. R. APP. P. 26.2(a).  However, because he did not file his notice of appeal until November 19, 2015, Juarez's notice of appeal is untimely.  Additionally, attached to Juarez's notice of appeal is the trial court's certification of his right of appeal, which indicates that Juarez has no right of appeal because this is a plea-bargain case in which he waived his right of appeal.

This Court has no jurisdiction over an appeal where the notice of appeal is untimely. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Furthermore, we must dismiss an appeal "without further action, regardless of the basis for the appeal" if the trial court's certification shows there is no right to appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that an appellant who has executed a waiver of appeal, whether negotiated or non-negotiated, could not appeal without securing the permission of the trial court). Accordingly, this appeal is dismissed.[1]

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed December 10, 2015
Do not publish
[CR25]



---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See id.* at R. 68.2(a).